Louis B. Heller, J.
Defendant Reliable Insurance ¡Company moves pursuant to CPLR 3211 (subd. [a], par. 8) for a dismissal of plaintiff’s complaint on the ground that this court does not have jurisdiction over the person of the defendant.
The basic action was instituted by the plaintiff for a declaratory judgment on the question of coverage and noncompliance of defendant Avco with the conditions of a certain policy of insurance issued by defendant Reliable Insurance Company to Avco Rent-A-iCar Corporation and seeking to have all terms of said policy construed according to the law of the State of New York.
The tort action involves personal injuries sustained by the infant plaintiff in an automobile accident in Kings County on September 21, 1964, and commenced by service of summons on defendant Avco on December 11,1964. Thereafter, on or about August, 1965, defendant insurance carrier forwarded a letter to plaintiff’s counsel disclaiming coverage, but nevertheless, they agreed to furnish their attorneys to represent Avco in the defense of this action. Plaintiff’s counsel states he thereupon filed a claim with MVAIC within 10 days. On April 14, 1966, defendant insurance carrier withdrew its authorization to do business in New York State, and on April 29, 1966 the (Superintendent of Insurance for the 'State of Ohio was appointed the Conservator of defendant Reliable Insurance Company to rehabilitate said company, pursuant to chapter 3903 of the Revised Code of Ohio, by a decree of the Court of Common Pleas, Franklin ¡County, Ohio. The action for a declaratory judgment was commenced against the defendant insurance company on or about October 2, 1968 by service on the Insurance Department of the ¡State of New York pursuant to section 59 of the Insurance Law, which department forwarded said summons and complaint to the Superintendent of Insurance of the *930 State of Ohio, who transmitted same to the defendant insurance company. Reliable appeared in said action on or about October 16, 1968 and served its verified answer denying the allegations of the complaint and asserted five affirmative defenses. This motion is primarily concerned with defendant’s fifth affirmative defense which alleges “ that this Court does not have jurisdiction over the person of the defendant, Reliable Insurance Company, and/or over the person of the defendant, who has the title and controls the assets of said Reliable Insurance Company”. (It is apparent that the defendant insurance company, in referring to “the person of the defendant”, is alluding to the Superintendent of Insurance of the State of Ohio.) It is claimed ■ by the plaintiff’s attorney that defendant Avco is out of business and has no assets in New York State or elsewhere.
The defendant’s main argument is that, at the time the alleged service was made, defendant insurance company was not doing business in the State of New York, and, since April 29, 1966 the Superintendent of Insurance of the (State of Ohio was and is vested with the title to all property of the said defendant Reliable Insurance Company; that since the Superintendent of Insurance of the State of Ohio stands in the shoes of Reliable Insurance Company, this court does not have jurisdiction of either said Superintendent of Insurance, since it is an agent of the Government of the State of Ohio, or of Reliable Insurance Company as defendant in this action. The defendant further states that both Ohio and New York have adopted the Unif orm Insurers Liquidation Act and consequently both jurisdictions are to follow its tenets.
This court, in examining the various contentions of the defendant, finds that they are valid. Both jurisdictions, New York and Ohio, have adopted the Uniform Insurers Liquidation Act (Insurance Law, §§ 517-524). The purpose of this adoption was to provide for a uniform, orderly and equitable method of making and processing claims against the defunct insurer and to provide for a fair procedure to distribute the assets of said defunct insurance carrier. (See Commissioners’ Prefatory Note to the Uniform Insurers Liquidation Act, 9B Uniform Laws Ann., pp. 284-286.)
(Section 521 of the Insurance Law of the State of New York sets forth the procedure for filing claims by residents against delinquent insurers domiciled in reciprocal States. The New York residents may either file claims with the ancillary receiver, if any, appointed in this State, or with the domiciliary receiver in the foreign or reciprocal State. In the instant matter, since no ancillary receiver was appointed, the plaintiff must proceed *931 to prove Ms claim in the domiciliary State, viz., Ohio. While this procedure may appear to be onerous in its application in this instant claim, the court stated in Motlow v. Southern Holding & Securities Corp. (95 F. 2d 721, 725-726): “Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. ¡This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice Cardozo in Clark v. Williard 292 U. S. 112, 123.” (¡See, also, Policy Funding Corp. v. Kings County Lafayette Trust Co., N. Y. L. J., Apr. 15, 1969, p. 17, col. 6 [Beckinella, J.].)
Under the circumstances, the defendant’s motion to dismiss the complaint on the ground that this court does not have jurisdiction over the defendant pursuant to CPLR 3211 (subd. [a], par. 8) is granted.
With respect to plaintiff’s request that MVAIC be substituted as a defendant in place of defendant Reliable Insurance Company in the event defendant’s motion is granted, it is to be noted that the proposed defendant made an application to intervene before Mr. Justice Dominic Rinaldi, who granted the application by order dated ¡September 23, 1968. Under the circumstances, plaintiff’s request for such relief is academic. Accordingly, defendant’s motion to dismiss is granted.