146 N.J. Super. 88 (1976)
368 A.2d 987
ZULLO LUMBER, DIVISION OF TIDEWATER INDUSTRIES, INC., PLAINTIFF,
v.
KING CONSTRUCTION, DIVISION OF ALKON INDUSTRIES, INC.; SUMMIT INSURANCE COMPANY OF NEW YORK AND GREATER AMERICAN INSURANCE COMPANY, DEFENDANTS. RED LION CONTRACTING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ALKON INDUSTRIES, INC., A CORPORATION OF THE STATE OF DELAWARE, SUMMIT INSURANCE COMPANY OF NEW YORK AND NEW JERSEY HOUSING FINANCE AGENCY, A BODY CORPORATE AND POLITIC, DEFENDANTS, AND NEW JERSEY HOUSING FINANCE AGENCY, THIRD-PARTY PLAINTIFF,
v.
C. & H. AGENCY, INC. AND DANIEL J. CULNEN, THIRD-PARTY DEFENDANTS. EXCEL WOOD PRODUCTS CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
ALKON INDUSTRIES INC., A NEW JERSEY CORPORATION; KING CONSTRUCTION CORPORATION, A NEW JERSEY CORPORATION; RALPH G. SOLDO, INDIVIDUALLY; SUMMIT INSURANCE COMPANY OF NEW YORK: AND NEW JERSEY HOUSING FINANCE AGENCY: KINGDOM R. WESTERLIND: GEORGE W-DECAMP; ERNESTINE FERRARO; RUDOLPH V. WESTERLIND; FRANK ROSSELLA; CORNELIUS J. GUINEY, DEFENDANTS. QUIKSET FRAME CORP., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
SUMMIT INSURANCE COMPANY OF NEW YORK, A NEW YORK CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 13, 1976.
*90 Mr. William G. Becker, Jr., argued the cause for Summit Insurance Company of New York (Messrs. Shanley and Fisher, attorneys).
Mr. John A. Adler argued the cause for New Jersey Housing Finance Agency (Messrs. Clarick, Clarick, and Miller, attorneys; Mr. Donald E. Clarick on the brief).
Messrs. Clapp and Eisenberg submitted a brief on behalf of Quikset Frame Corp. (Mr. Kenneth D. Meskin on the brief).
RIZZI, A.J.S.C.
This matter is before the court on motion of defendant Summit Insurance Company of New York (SICONY), a New York corporation currently in liquidation, seeking an order staying or abating the proceedings in a number of consolidated cases pending in Camden County arising out of the construction of the "Mansions" housing project in Pine Hill. The motion was filed pursuant to R. 1:6-2. However, defendant Housing Finance Agency of the State of New Jersey (HFA), requested oral argument pursuant to R. 1:6-2 and filed papers in opposition to SICONY's motion. Plaintiff Quikset Frame Corp. filed a brief in opposition to the stay, but did not request oral argument. No other party to the litigation filed a brief or requested oral argument pursuant to R. 1:6-2.
Subsequent to the filing of the above motion, but prior to oral argument, HFA obtained an order to show cause, returnable November 29, 1976, requiring SICONY, among other things, to show cause why it should not be enjoined and restrained from prosecuting or assisting in the prosecution *91 of liquidation proceedings in the State of New York insofar as it sought relief against the HFA and a resolution of the controversy between HFA and SICONY in the New York proceeding.
A review of the pleadings and documents in the instant matter reveals the following:
On or about December 21, 1973 HFA granted a mortgage of $7,110,000.00 to Pine Hill Mansions Ltd. for the completion of "Mansions" project. Pursuant to state law the HFA demanded payment and performance bonds of the general contractor, which was defendant Alkon Industries, Inc. These bonds were issued on behalf of SICONY in May 1974 by defendant Daniel J. Culnen, t/a the C. & H. Agency. The agency relationship between C. & H. and SICONY and the validity of the bonds is the subject of a dispute not pertinent to the instant motion. In December 1974 the financial status of Alkon Industries was critical and it informed HFA of its inability to complete the "Mansions" project, whereupon HFA served a notice of default upon SICONY which denied liability in January 1975. On January 25, 1975 Alkon Industries filed a petition in bankruptcy on its own behalf and on April 2, 1975 on behalf of Pine Hill Mansions, Ltd. On February 4, 1975 the New York Department of Insurance began an attempt to rehabilitate SICONY, which was a New York Corporation, and on May 28, 1975, SICONY was dissolved by order of the New York Supreme Court. This order provided, among other things, that
* * * the officer, directors, trustees, policyholders, agents and employees of said SUMMIT INSURANCE COMPANY OF NEW YORK, and all other persons be and they hereby are enjoined and restrained from the further transaction of business or from dealing with or disposing of the property or assets of said corporation, or doing or permitting to be done any act or thing which might waste its property or assets or allow or suffer the obtaining of preferences, judgments, attachments or other liens, or the making of any levy *92 against said corporation, or its estate while in the possession and control of the Superintendent of Insurance as Liquidator...

* * * * * * * *
* * * the officers, directors trustees, policyholders, agents and employees of said SUMMIT INSURANCE COMPANY OF NEW YORK, and all other persons, be and they are hereby enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estate, or the Superintendent of Insurance of the State of New York and his successors in office, as Liquidator thereof, or from making or executing any levy upon the property or estate of said corporation, or from in any way interfering with the Superintendent of Insurance of the State of New York, or his successors in office, in his or their possession, control or management of the property of said corporation, or in the discharge of his or their duties as Liquidator thereof, or in the liquidation of the business of said corporation: ...

* * * * * * * *
* * * the corporate charter of said SUMMIT INSURANCE COMPANY OF NEW YORK be and the same hereby is forfeited, surrendered and annulled and the said SUMMIT INSURANCE COMPANY OF NEW YORK is hereby dissolved ...
Commencing in January 1975 four separate suits were instituted in New Jersey arising from the "Mansions" project: Zullo Lumber v. King Construction, et al., (L-17219-74, Camden County, filed January 16, 1975); Red Lion Contracting Co. v. Alkon Industries, Inc. et al. (L-24451-74, Camden County, filed March 10, 1975); Excel Wood Products Co., Inc. v. Alkon Industries, Inc., et al., (L-24992-74, Ocean County, filed March 12, 1975) and Quikset Frame Corp. v. Summit Ins. Co. of New York (L-27325-74, Essex County, filed March 31, 1975). By correspondence dated June 11, 1975, notice of the New York liquidation proceeding was sent to all counsel. On February 27, 1976 an order was entered consolidating the above four cases and laying venue in Camden County pursuant to R. 4:38-1.
On October 20, 1976 the Superintendent of Insurance of the State of New York obtained an order to show cause returnable November 1, 1976 requiring the various "Mansions" project claimants to show cause why their claims *93 against SICONY should not be disallowed, and further ordering that
* * * said claimants, who are set forth in the schedule annexed to the petition herein, with the exception of such further proceedings as may be appropriate in this Court pursuant to the New York Insurance Law governing liquidation of insurance companies, be and hereby are temporarily enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estates, or the Superintendent of Insurance of the State of New York, and his successors in office, as Liquidator thereof, including but not limited to the further prosecution of litigation presently consolidated and pending in the Superior Court of New Jersey, Camden County, and they are further enjoined and restrained from instituting any action at law, suit in equity, special or other proceeding relating to the claims heretofore filed in the liquidation proceeding of SUMMIT INSURANCE COMPANY OF NEW YORK, * * *.
Shortly thereafter, on October 25, 1976, the HFA obtained the aforementioned order to show cause which was heard, together with SICONY's motion for abatement or a stay by this court on November 29, 1976.
In support of its application for a stay or abatement SICONY relies upon the provisions of the Uniform Insurer's Liquidation Act (herein, uniform act), which has been adopted by both New Jersey (N.J.S.A. 17B:32-1 et seq.) and New York (New York Insurance Law, § 517 et seq.). Basically, SICONY argues that the provisions of the uniform act require that all New Jersey claimants present their claims before the New York Supreme Court and that by operation of the uniform act the claimants are bound by the restraints imposed by the October 20, 1976 order of the New York Supreme Court. HFA, in opposition, basically alleges there is no existing law which would justify the granting of the relief sought by SICONY.
The pertinent section of the uniform act, N.J.S.A. 17B:32-19, Claims against foreign insurers"; New York Insurance Law § 521, provides in part:
a. In a delinquency proceeding in a reciprocal State against an insurer domiciled in that State, claimants against such insurer *94 who reside within this State may file claims either with the ancillary receiver, if any, appointed in this State, or with the domiliciary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.
b. Controverted claims belonging to claimants residing in this State may either:
(1) Be proved in the domiciliary State as provided by the law of that State, or
(2) If ancillary proceedings have been commenced in this State, be proved in those proceedings. * * *
Thus, the above-quoted provision makes clear the intent of the legislatures of New Jersey and New York to allow a nondomiciliary state (New Jersey here) to serve as a forum for the presentment of claims only where ancillary proceedings were commenced. No such proceedings have commenced in New Jersey in the instant matter. Therefore, in the view of this court the proper forum for the litigation of claims in the instant actions is the State of New York.
While there are no reported New Jersey decisions interpreting this provision, the plain language of the statute and the New York case of Vlasaty v. Avco-Rent-A-Car, 60 Misc.2d. 928, 304 N.Y.S.2d 118 (Sup. Ct. 1969), provides ample authority for the conclusion reached.
In Vlasaty a New York claimant sought to pursue a common-law declaratory judgment action in New York against an Ohio insurer in liquidation. The suit arose from an automobile accident in Kings County, New York, wherein the defendant's vehicle was insured by Reliable Insurance Company, an Ohio corporation. In granting the insurer's motion to dismiss, the New York Supreme Court stated:
* * * Both jurisdictions, New York and Ohio, have adopted the Uniform Insurers Liquidation Act. (Insurance Law, §§ 517-524) The purpose of this adoption was to provide for a uniform, orderly and equitable method of making and processing claims against the defunct insurer and to provide for a fair procedure to distribute the assets of said defunct insurance carrier. * * *
Section 521 of the Insurance Law of the State of New York sets forth the procedure for filing claims by residents against delinquent insurers domiciled in reciprocal states. The New York residents may *95 either file claims with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver in the foreign or reciprocal state. In the instant matter, since no ancillary receiver was appointed, the plaintiff must proceed to prove his claim in the domiciliary state, viz., Ohio. While this procedure may appear to be onerous in its application in this instant claim, the court stated in Motlow v. Southern Holding & Securities Corp., 8 Cir., 95 F.2d 721, 725-726:
"Experience has demonstrated that, in order to secure an economical, efficient and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice Cardozo in Clark v. Williard, 292 U.S. 112, 123, 54 S.Ct. 615, 620, 78 L.Ed. 1160."
(See also Policy Funding Corp. v. Kings County Lafayette Trust Co., Beckinella, J., N.Y.L.J. 4/15/69, Sup. Kings, p. 17, col. 6) Under the circumstances, the defendant's motion to dismiss the complaint on the ground that this court does not have jurisdiction over the defendant pursuant to CPLR 3211(a), subdivision 8, is granted. [304 N.Y.S.2d at 120, 121]
Clearly, the uniform act and the above reasoning mandate a similar result in the instant suit.
The uniform act also mandates the claimant's compliance with the October 20, 1976 order of the New York Supreme Court restraining them from prosecuting any action against SICONY other than the required filing and litigation of the claims in the New York Supreme Court. The uniform act (N.J.S.A. 17B:32-5; New York Insurance Law § 528, Injunctions) provides:
a. Upon application by the commissioner for such an order to show cause, or at any time thereafter, the court may, without notice, issue an injunction restraining the insurer, its officers, directors, stockholders, policyholders, agents, and all other persons from the transaction of its business or the waste or disposition of its property until the further order of the court.
b. The court may, at any time during a proceeding under this chapter, issue such other injunctions or orders as may be deemed necessary to prevent interference with the commissioner or the proceeding, *96 or waste of the assets of the insurer, or the commencement or prosecution of any actions, or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the insurer or against its assets or any part thereof.
Thus, the October 20 order to show cause was entirely proper and valid pursuant to the legislative mandate of both New Jersey and New York. In effect, this order merely requires the claimants to follow the procedures required by the uniform act.
The HFA has expressed considerable concern in its order to show cause over the allegedly summary treatment the New Jersey claimants will receive if forced to present their claims in "an unfriendly foreign jurisdiction." However, this court can find no merit in this contention. The opinion of Justice Korn of the New York Supreme Court, in ruling on SICONY'S November 1, 1976 order to show cause (In the Matter of the Liquidation of SUMMIT INSURANCE COMPANY OF NEW YORK) is instructive as to the treatment to be given the New Jersey claimants in New York. Justice Korn, in an opinion not yet officially reported, stated:
The Liquidator's motion for disallowance of the claims arising out of the "Mansions" project cannot be summarily determined, but must be held in abeyance pending a plenary determination of the validity of the claims. To insure the utmost regularity in processing the claims without undue delay, the court designates the Honorable Owen McGivern, former Presiding Justice of the Appellate Division of this court, to hear and report to this court on all of the claims filed in this matter, after a full opportunity has been afforded to each claimant to appear herein by its own attorneys, and to present evidence and witnesses as may be required, and in this respect New Jersey attorneys shall be granted leave to appear on behalf of such claimants. The report of the referee designated herein shall be subject to the confirmation of the court, and the order entered thereon shall be subject to review by the appellate courts of this State.
It is obvious that this matter will not be decided in a summary fashion but rather in a considered manner as prescribed by Justice Korn.
*97 SICONY has requested relief in the form of an abatement of the actions, or in the alternative, a stay of the actions. It is to be noted that an abatement is generally disfavored in New Jersey. See Sweeney v. Veneziano, 70 N.J. Super. 185 (App. Div. 1961). It is the court's view, therefore, that these actions be stayed insofar as SICONY is concerned, and that plaintiffs be required to pursue their remedies before the New York courts.