BERANEK, Judge.
This is an interlocutory appeal involving an order by the trial court allowing plaintiff/appellee to deposit rents relating to a condominium recreation lease into the court registry pending the outcome of litigation between the parties. We consider this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
Appellant, the defendant and developer of the condominium, contends the deposit order was entered pursuant to Section 718.-401(4), Florida Statutes (1977). Appellant’s argument is based on the particular order entered May 4, 1979, which specifically recites reliance upon the statute.
Appellee contends the order was not entered pursuant to the statute but was instead based upon Rule of Civil Procedure 1.600, which provides for court-authorized deposits as a discretionary matter. Appel-lee asserts the motion for permission to deposit was amended to delete reference to the statute and that the trial court did not base the order on the statute.
In Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla.1980), the Supreme Court held the statute in question, Section 718.401(4), Florida Statutes (1977), to be an unconstitutional impairment of contract insofar as it deprived the landlord of the current use of court-retained rent monies. The Supreme Court noted the statute prohibited disbursements to the landlord for personal needs. The court contrasted deposits under Section 718.401(4), Florida Statutes (1977), with deposits under Rule of Civil Procedure 1.600. In a footnote the court commented that deposits under the Rule did not impair contract rights in that withdrawals were authorized in the sound discretion of the trial judge after consideration of the circumstances of the case, the relative merits of the claim asserted, and “the legitimate needs of the parties.” Such “legitimate needs” are necessarily broader than the limited purposes for which disbursements may be ordered under the statute. In Century *573 Village v. Wellington, 361 So.2d 128 (Fla.1978), the court approved rent deposits pursuant to Rule of Civil Procedure 1.600.
Turning to the order in question, we are compelled to reverse. This order authorizes the deposit of rent monies specifically pursuant to the statute. It must be assumed that withdrawal of these deposits, if requested, would be allowed pursuant to the same statute rather than in accordance with Rule 1.600. For this reason we cannot employ the argument that the trial judge reached the right result for the wrong reason and affirm by merely holding the trial court could have authorized the deposit under the Rule rather than the statute.
The order recites reliance on the statute and since it will have a prospective effect on withdrawals, we vacate the order and remand. We direct that the funds now held in the court registry be paid by the clerk to appellants after notice and hearing and under supervision and order of the trial court unless, within twenty days from this decision, plaintiff shall file an appropriate motion to deposit past and future rents pursuant to Rule of Civil Procedure 1.600. In that event, the trial court shall consider and rule upon the motion.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and LETTS, JJ., concur.