PER CURIAM.
The petitioner, the owner of a mobile home park, seeks relief from a court order entered upon motion by the respondent, permitting the park’s tenants to deposit certain portions of their rental payments into the registry of the court instead of making payment directly to the petitioner. The *456 only grounds offered in support of the motion were that respondent was in doubt as to what amount to pay to the petitioner. The motion was unsworn and no evidence on the issue was presented at the hearing on the motion. In addition the petitioner voluntarily offered to post a bond to secure any damages claimed by the tenants. Although the trial court does have authority under Rule 1.600 of the Florida Rules of Civil Procedure to direct the deposit of funds into the registry of the court, we do not believe the respondent has demonstrated any legal or factual basis upon which the trial court could act. For instance, the respondent offered no proof on the merits of its claim or the likelihood of success on said claim, or on the need for such deposit in the face of petitioner’s agreement to post a bond. Cf. Dunes Development Corp. of Palm Beach v. Dunes Towers Association, Inc., 380 So.2d 572 (Fla. 4th DCA 1980); Wincast Associates, Inc. v. Hickey, 320 So.2d 17 (Fla. 2d DCA 1975); Pomponio v. Claridge of Pompano Condominium, 378 So.2d 774 (Fla.1979); Brooks v. Galicia Steamship Co. Ltd., 237 So.2d 582 (Fla. 3d DCA 1976).
Accordingly, the petition is granted and the trial court’s order of February 18, 1981, is hereby quashed. This order is entered without prejudice to the trial court to direct that the petitioner post a bond in accordance with its representations made before the trial court and this court.
LETTS, C. J., and ANSTEAD and BER-ANEK, JJ., concur.