**INSURANCE AFFILIATES, INC., a Colorado corporation, Plaintiff,**

v.

**The Honorable Phillip R. O'CONNOR, Director of Insurance for the State of Illinois, in his official capacity as Receiver and Liquidator of Reserve Insurance Company; and Reserve Insurance Company, an Illinois corporation, Defendants.**

**Civ. A. No. 81–K–450.**

United States District Court, D. Colorado.

Sept. 22, 1981.

704

Thomas E. Frank, Evergreen, Colo., for plaintiff.

Richard L. Harring, Calkins, Kramer, Grimshaw & Harring, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff was the Colorado agent for defendant Reserve Insurance Company. In May, 1979 an Illinois state court found Reserve to be insolvent and ordered its liquidation. In February, 1981 plaintiff filed this action in Colorado state court, seeking a declaration that it was not obligated to remit unearned premiums to Reserve, an injunction barring defendants from proceeding against plaintiff for unearned premiums and commissions, and damages. Defendants then removed this action to this court. This court has jurisdiction under 28 U.S.C. § 1332(a).

Defendants moved to dismiss, asserting that this action was barred because of an injunction issued in *People ex rel. Mathias v. Reserve Insurance Co.*, No. 79 CH 2823 (Cook County, Illinois Circuit Court, Chancery Div. May 29, 1979). That injunction ordered, *inter alia*:

That all persons be and are hereby enjoined and restrained from asserting any claim against the Liquidator or RESERVE INSURANCE COMPANY except insofar as such claims arise in the liquidation proceedings of RESERVE INSURANCE COMPANY.

*Id.* ¶ H. Defendants argue alternatively that this action should be dismissed because of section 5 of the Uniform Insurers Liquidation Act, C.R.S. § 10–3–506 (1973). I conclude that the motion to dismiss should be granted on the basis of defendants' second argument.

## I

Defendants first argue that I must give the Illinois state-court judgment full faith and credit, citing the Full Faith and Credit Clause of the U.S. Constitution, art. IV, § 1.[1] This argument is without merit.

[A] state court judgment need not be given full faith and credit by other states as to parties or property not subject to the jurisdiction of the court that rendered it.

*Western Union Telegraph Co. v. Pennsylvania*, 368 U.S. 71, 75, 82 S.Ct. 199, 201, 7 L.Ed.2d 139 (1961). See also *Williams v. North Carolina*, 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577 (1945). In this case the parties agree that plaintiff never had any contacts with Illinois that would allow Illinois courts to exercise jurisdiction over it under the standards set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The property that is the subject of this action is located in Colorado and therefore is not subject to the jurisdiction of Illinois courts. The Illinois injunction is not entitled to full faith and credit as applied to this plaintiff.[2]

## II

I must next determine whether this court may exercise jurisdiction over the defendants. In a diversity case personal jurisdiction "is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Halliburton Company v. Texana Oil Company*, 471 F.Supp. 1017, 1018 (D.Colo.1979) (citations omitted). In this case there is no question that this court's exercise of personal jurisdiction would not violate the Due Process Clause. Reserve Insurance Company solicited and did substantial business in Colorado with the plaintiff. Defendant O'Connor is also properly subject to jurisdiction here for actions regarding the liquidation of Reserve, because he is the liquidator. See generally *Kulko v. Superior Court*, 436 U.S. 84, 91–98, 98 S.Ct. 1690, 1696–1700, 56 L.Ed.2d 132 (1978); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223–24, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). There is no doubt that defendants are subject to jurisdiction under the provisions of the Colorado long-arm statute, C.R.S. § 13–1–124 (1973). *Van Schaack & Co. v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975).

Section 5 of the Uniform Insurers Liquidation Act, C.R.S. § 10–3–506(2), which both Colorado and Illinois have adopted, provides:

Controverted claims belonging to claimants residing in this state may either: be proved in the domiciliary state as provided by the law of that state; or, if ancillary proceedings have been commenced in this state, be proved in those proceedings.

Plaintiffs do not allege that any ancillary proceedings have been commenced in Colorado. The sole issue on this motion is therefore whether C.R.S. § 10–3–506(2) divests the Colorado state courts, and thus this court in a diversity action, of the jurisdiction that they would otherwise have to hear this case.

---

1. A citation to 28 U.S.C. § 1738 would have been more appropriate, since this is the provision that is controlling on the federal courts. Its standards are the same as the Full Faith and Credit Clause, however.

2. Defendants moved alternatively for summary judgment, to allow the introduction of the Illinois injunction. Because of my disposition of this motion, I do not need to rely on the Illinois injunction and can treat this as a motion to dismiss.

I hold that this statute divests Colorado courts of jurisdiction to hear actions involving controverted claims involving out-of-state insurers unless ancillary proceedings have been commenced in Colorado. Because no such proceedings have been commenced in the present case, plaintiff must file its action in Illinois. Accord, *Vlasaty v. Avco Rent-a-Car System, Inc.*, 60 Misc.2d 928, 304 N.Y.S.2d 118, 120–21 (1969). To hold otherwise would seriously disrupt the economical, efficient, and orderly liquidation of an insolvent insurance company, as envisioned by the Uniform Insurers Liquidation Act. See *Motlow v. Southern Holding & Securities Corp.*, 95 F.2d 721, 725–26 (8th Cir.), *cert. denied*, 305 U.S. 609, 59 S.Ct. 68, 83 L.Ed. 388 (1938). By adopting the Uniform Act, each state has agreed to withhold jurisdiction in certain cases in order to allow for orderly liquidation. In the present case Colorado has withheld subject-matter jurisdiction, and this court is therefore also without subject-matter jurisdiction. It is

ORDERED that defendants' motion to dismiss is granted. It is further

ORDERED that this complaint and civil action are hereby dismissed without prejudice. Each party to bear his or its own costs.