405 So.2d 306 (1981)
FINANCIAL INTERNATIONAL LIFE INSURANCE COMPANY OF NEW MEXICO, Appellant,
v.
BETA TRUST CORPORATION, LTD., a B.V.I. Corporation, Friedricke Charter and Sales Company, a Liberian Corporation and David Fraser, Inc., a Florida Corporation, Appellees.
Nos. 80-1645, 80-1646.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
*307 Jeanne Heyward, Miami, and Burdick & Donahoe, Fort Lauderdale, for appellant.
No appearance for appellees.
MOORE, Judge.
Financial International Life Insurance Company of New Mexico, a third party defendant, appeals from an order denying its motion to dismiss and quash service of process, and from an order requiring it to deposit $200,000 into the registry of the court pursuant to Florida Rule of Civil Procedure 1.600.
This suit arose out of a contract for the sale of a yacht. Appellant, a New Mexico corporation, had issued an annuity contract in New Mexico to George Mitchell, who subsequently assigned it to the yacht broker, David Fraser, Inc. The purchase agreement for the yacht obligated the buyer, Beta Trust Corporation, Ltd., a British Virgin Islands corporation, to deposit with a broker an annuity contract with a cash value of $200,000.
The buyer sued the seller for specific performance of the sales contract. The seller of the yacht, Friedricke Charter and Sales Company, a Liberian corporation, filed a third party complaint against the appellant for payment of the annuity. The appellant, appearing specially to contest jurisdiction, moved to dismiss and quash service of process alleging no jurisdiction because it transacts no business in Florida and is not registered with the office of the State Treasurer and Insurance Commissioner as a foreign insuror. On June 10, 1980, the court denied appellant's motion to dismiss and quash service.
The seller then moved for an order of payment into the court registry pursuant to Florida Rule of Civil Procedure 1.600. The motion alleged that no matter which party is successful, one of the litigants will be entitled to the fund generated by payment of the annuity. The motion stated that the appellant had been placed into receivership. The motion requested an order compelling the receiver to pay the annuity into the court registry for disbursement upon further order of the court. On August 25, 1980, the court entered an order granting that motion and instructing the appellant to pay into the court registry the surrender value of the annuity, $200,000, to be disbursed only by the Clerk upon appropriate motion and order.
On September 24, 1980, the appellant filed a notice of appeal directed to both the order denying its motion to dismiss and quash service of process and the order granting the seller's motion for an order of payment into the court registry.
Initially, we must determine whether this court has jurisdiction to review the appealed orders. An order determining jurisdiction of the person is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). To invoke jurisdiction pursuant to this provision, the appellant must file a notice of appeal within 30 days of rendition of the order to be reviewed. Fla.R.App.P. 9.130(b). In the present case, however, the appellant failed to file a notice of appeal within 30 days of rendition of the order denying its motion to dismiss and quash service of process.
The appellant argues that the order of payment into the court registry is a final order and therefore, the prior non-final order denying the motion to dismiss and quash service would be subject to review pursuant to Florida Rule of Appellate Procedure 9.130(g). We disagree. The order of payment into the court registry is in the nature of a non-final order. A judgment is final for the purposes of an appeal if the judicial labor required has been completed. Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954); Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980). The order here clearly contemplates further judicial action to determine the rights of the parties regarding the $200,000 fund.
The appellant untimely filed its notice of appeal to the order denying its motion to *308 dismiss and quash service of process. Therefore, we do not have jurisdiction to review this order. Conversely, the appellant timely filed its notice of appeal directed to the order of payment into the court registry. Furthermore, this order is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). See Dunes Development Corp. of Palm Beach v. Dunes Towers Association, Inc., 380 So.2d 572 (Fla. 4th DCA 1980).
We find that the order directing deposit of the funds into the court registry constitutes a prohibited interference with receivership assets. The Uniform Insurers Liquidation Act, adopted in both Florida and New Mexico, Section 631.001 et seq., Florida Statutes, and Article 59-6-7 et seq., New Mexico Statutes, provides that the claim against the appellant must be proved in New Mexico because no ancillary receiver has been appointed in Florida. See § 631.171, Fla. Stat. (1979); Vlasaty v. Avco Rent-A-Car System, Inc., 60 Misc.2d 928, 304 N.Y.S.2d 118 (1969).
Furthermore, it is unclear whether Florida Rule of Civil Procedure 1.600, under the facts of this case, could authorize the order requiring deposit into the court registry. See 23 Am.Jur.2d, Deposits in Court, § 2, which states that a party to a controversy involving a right to a certain sum of money or thing cannot be required to deposit that money or thing in court unless it is either clearly admitted in his pleading or shown in some proceeding in the cause that he has himself no right to retain it and that the other party to the action is entitled to it or at least has an absolute interest in it.
Accordingly, we reverse the order directing payment into the court registry and dismiss the appeal as to the order denying the appellant's motion to dismiss and quash service of process.
BERANEK and GLICKSTEIN, JJ., concur.