DOWNEY, Judge.
Appellant (Center) seeks reversal of an order of the trial court granting a motion to require appellant to hold certain real estate commissions in escrow when paid.
Appellee (Young) sued Center in an un-sworn complaint in a law action for damages due Young for real estate commissions. Young had been employed as a *156 sales person by Center’s real estate firm. When that relationship terminated, Young instituted this suit to insure the recovery of her percentage of commission to which she was entitled. Center filed an unsworn answer and counterclaim for damages. The issue giving rise to this appeal was created when Young filed an unsworn motion to require appellant to place in escrow all commission payments received by Center in which Young was entitled to participate. The trial court granted the motion and directed that 80% of certain real estate commissions be paid over to Center’s counsel when received and held in escrow in an interest bearing account pending the outcome of the cause.
Center, among other things, contends that the order appealed from is erroneous because there is no basis in the record for the trial court to enter such an order. As Center’s counsel advised the court:
Judge, we are in a lawsuit here, and I don’t feel they are entitled to ten cents. For him to come in and just file a Motion with no evidence, no verified pleadings, and ask this Court to hold this money in the registry of the court or in an escrow account. I find no precedence [sic] for that.
Center also presented other contentions and theories upon which to base reversal; however, Young counters them with the straightforward argument — they weren’t raised below. We might say here that that curt comment pretty well characterizes the proceeding below.
The record presented to the trial court was an unsworn complaint, answer, counterclaim, and motion to require escrowing of payments when made to insure Young that there would be money to pay a judgment, if, as and when Young recovered. No testimony was taken, no legal theory justifying the issuance of such an order was presented; Young simply considered it an appropriate way to keep the status quo and the trial judge, noting that there were “a lot of shaky people around here,” said: “I don’t see much hurt in seeing that the monies don’t go anywhere until you all find out which one owns it.”
In a somewhat analogous situation, in Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987), a purchaser sued to recover $500,000 earnest money he paid in a failed real estate transaction. After commencing the suit, the owner/plaintiff moved the court to require the seller to deposit the earnest money into the court registry on the ground that the seller was in serious health (sick, that is) and that, in the event of his death, the earnest money would be tied up in his estate. The trial court so ordered and the district court reversed, saying:
It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court.
511 So.2d at 706. See other similar: DeAnza Corporation v. Tenants Civil Association of Park Lake Estates, Inc., 399 So.2d 455 (Fla. 4th DCA 1981); Leon v. Franchise Stores Realty Corporation, 549 So.2d 822 (Fla. 4th DCA 1989). We see no distinction between requiring a deposit in the court registry and an escrow account.
Without belaboring the point, there was simply no adequate record presented and no legal theory advanced upon which to justify the order appealed from. It is, therefore, reversed and the cause is remanded for further proceedings.
HERSEY and GARRETT, JJ., concur.