DANAHY, Acting Chief Judge.
In this interlocutory appeal arising from a boundary and easement dispute, the seller of the real property who took back a mortgage on the property contends the trial court erred in denying his motions to release funds from the court registry. Because we find that possession of the funds in the court registry is not at issue in the lawsuit, we reverse.
After the closing of the transaction for the sale of the property took place, a disagreement arose concerning allegedly unauthorized modifications in the closing documents and title papers which did not truly reflect the intentions of the parties as set out in the sales contract. The seller maintains that these modifications changed to his detriment the scope of the possessory interests transferred in the sale. The details of this dispute are not relevant here. Suffice it to say that the buyers commenced a declaratory action which included counts for injunction, tortious interference with contract, and damages for anticipatory breach. The buyers also moved at the commencement of the lawsuit to deposit the monthly mortgage payments into the court’s registry. The court granted this motion and the buyers have since faithfully deposited each month’s payment into the registry. Many months later the seller moved the court to set aside this order directing the mortgage payments to be deposited into the registry as being inappropriately entered without proper notice or, in the alternative, to release the monies representing the accrued monthly mortgage payments to the seller. The seller also offered to post a bond for the accrued amount. The trial court denied both these motions and the seller appealed.
Of the two issues presented we find that the seller has waived any error in the denial of his first motion to set aside the original order directing deposits into the registry. This is so because he waited many months after filing timely responsive pleadings before he first objected to the order. However, we do find merit in the seller’s second argument that possession of the funds is not at issue in the underlying action. Further, we especially note that the seller had offered to post a bond. See De Anza Corp. v. Tenants Civil Ass’n of Park Lake Estates, Inc., 399 So.2d 455 (Fla. 4th DCA1981).
Reversed and remanded for further proceedings in accord with this opinion.
PARKER and ALTENBERND, JJ., concur.