RAMIREZ, J.
Fiscal Operations, Inc. appeals the trial court’s orders allowing third-party defendants I.T.O. Corporation and Florida Ste-vedoring, Inc. to deposit funds into an independent escrow account and dismissing with prejudice Fiscal Operations’ third-party complaints. Because the remaining parties contest entitlement to these funds, the trial court properly allowed the funds to be escrowed. We thus affirm.
Metropolitan Dade County sued Fiscal Operations and its officers alleging that the defendants were stealing and converting the County’s gantry crane revenues at the Port of Miami. On May 8,1998, Fiscal Operations sought leave of court to file third-party claims against Florida Steve-doring and I.T.O. for their failure to pay user fees for the use of the gantry cranes and for tortuous interference with Fiscal Operations’ relationship with the County. On May 18, 1998, the County terminated the agreement under which Fiscal Operations managed and maintained the County’s cranes. The next day, the trial court granted Fiscal Operations leave to present its third-party claims.
I.T.O. and Stevedoring then filed motions to deposit the user fees into the trial court registry and to dismiss the claims *1288 filed against them. The trial court subsequently granted the third-party defendants leave to deposit the funds they owed into an independent escrow account pursuant to rule 1.600, Florida Rules of Civil Procedure.
Fiscal Operations argues that rule 1.600 was inapplicable because the County had never sued the third-party defendants. We disagree. Rule 1.600 provides in pertinent part:
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court.
The rule does not require the third-party defendants to be sued by the County before they can seek its protection.
Fiscal Operations also argues that rule 1.600 does not apply because I.T.O. and Stevedoring do not dispute that the moneys are owed nor do they dispute the amount owed. See Naedel v. Bolle, 627 So.2d 27 (Fla. 2d DCA 1993)(no legal basis for order directing funds to be deposited into court registry where possession of funds is not at issue). However, Fiscal Operations overlooks the fact that the very purpose of this lawsuit is to determine to whom the moneys are owed.
Additionally, rule 1.600 is appropriate because this is not a case where the third-party defendants were unwillingly compelled to escrow the funds. Rule 1.600 “is permissive in nature and does not permit the trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court’s registry.” Leon v. Franchise Stores Realty Corp., 549 So.2d 822, 823 (Fla. 4th DCA 1989). See also Konover Realty Assocs., Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987)(revers-ing an order requiring the deposit of the amount in controversy into the registry of the court). In contrast to Konover Realty, the third-party defendants here were the ones to request leave of court to deposit the sums to protect themselves against a subsequent County claim of entitlement to those funds.
Affirmed.