320 So.2d 17 (1975)
WINCAST ASSOCIATES, INC., Appellant,
v.
Lawrence J. HICKEY et al., Appellees.
No. 75-735.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
*18 Sanford N. Reinhard of Zinn & Reinhard, Miami, for appellant.
No appearance for appellees.
WALDEN, Judge.
The trial court ordered cross-defendant Wincast Associates, Inc. to post with the Court a $50,000 cash or surety bond in favor of cross-claimant Percy Rosemurgy. We reverse and remand with respectful directions that Wincast Associates, Inc. be discharged from the obligation of filing this bond. The bond was designed to ensure recovery by Rosemurgy should he prevail in his claim that Wincast Associates, Inc., the owner of two rental complexes in Crystal Lake Subdivision, owed him certain recreational fees for facilities provided to Wincast in that subdivision. However, there was no proof of the existence of any extenuating circumstance or of any fund comprising the subject matter of the dispute. Such would be necessary to justify ordering a defendant to deposit money with the Court. In Brooks v. Galicia Steamship Co., Ltd., 237 So.2d 582 (3d DCA Fla. 1970) the court found similar error:
"We find no procedure under the law authorizing a common law trial judge to order a deposit in the registry of the court upon an unsworn complaint [prior to answer], no testimony or evidence or other admissions indicating either the character of the monies ordered to be deposited or who has possession of them. To this extent, we find the trial judge departed from the essential requirements of the law in directing the deposit into the registry of the court." (Emphasis supplied.) Id. at 583.
Although Rosemurgy claimed that rental payments to Wincast were identifiable funds in dispute, (i.e. the funds from which the recreational payments should be made), this is not acceptable. The recreational payments could be made from any source, and Rosemurgy had no direct claim to the rental payments. In 23 Am.Jur.2d Deposits in Court, § 2 (1965), it is stated:
"The authority conferred on a court to order a deposit of money or property does not apply if the money in the possession of the party is not the subject of the litigation, but rather its payment is an incident thereto, dependent on the judgment to be rendered in the action, as in the case of an action for redemption, specific performance, accounting, rescission, or the like." Id. at 737.
Rosemurgy is seeking to have certain easements and covenants construed, which, if construed in his favor, would result in a money judgment to him, the payment being incident to the judgment rendered. See also 15 Fla.Jur., Funds and Deposits in Court, § 1 (1957):
"While there are various grounds which justify or require a payment into court of a fund of money in dispute; deposits generally either are made by a party who desires to be relieved of the burden of caring for a fund, or are required in order to preserve money during the pendency of a litigation." Id. at 87-88.
Reversed and remanded, with directions.
CROSS and DOWNEY, JJ., concur.