549 So.2d 822 (1989)
Stephen LEON, Trustee, Appellant,
v.
FRANCHISE STORES REALTY CORPORATION, Appellee.
No. 88-3128.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
Deborah Marks of Hertzberg & Malinski, P.A., Miami, for appellant.
J. Philip Landsman and Emilie M. Tracy of Platt, Haas, Landsman & Gabriel, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellant appeals a non-final order directing appellant to deposit funds into the registry of the trial court. We agree with the appellant that the trial court erred in ordering the appellant to deposit $100,000 into the court's registry.
In the instant case, the parties entered into a contract for the exchange of real property and, pursuant to the terms of the contract, appellee delivered a $100,000 earnest money deposit to appellant. A dispute arose between the parties and appellant sought a declaratory judgment that the contract was still valid and enforceable and that all conditions required of appellant had been fulfilled. The complaint also sought specific performance of the contract and damages for breach of contract. Appellee counterclaimed seeking a declaratory judgment as to appellee's rights and duties under the contract, rescission of the contract, and damages based upon appellant's willful, intentional, and reckless disregard for appellee's rights under the contract. During the course of the litigation, appellee motioned the trial court for entry of an order compelling appellant to deposit the $100,000 earnest money deposit plus interest into the court's registry.
Appellee maintains that the trial court properly ordered the appellant to deposit money into the court registry pursuant to Florida Rule of Civil Procedure 1.600 which provides:

*823 In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.
However, in Law v. NCNB National Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984), this court refers to Florida Rule of Civil Procedure 1.600 as authorizing a party's voluntary payment of money into the court registry. The instant case does not involve a voluntary deposit by a party, but rather a request by one party for an order compelling the opposing party to deposit money into the court's registry.
In our view, rule 1.600 is permissive in nature and does not permit the trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court's registry. Thus, we reverse the trial court's order directing appellant to deposit funds into the court's registry.
REVERSED AND REMANDED.
ANSTEAD, J., concurs in conclusion only.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
I would reverse on the basis of Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987).