591 So.2d 1137 (1992)
Johnny WILLIAMS, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, etc., et al., Appellees.
No. 91-2080.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
*1138 Stephen L. Cook, West Palm Beach, for appellant.
James M. McCann, Jr., and Elizabeth L. Cocanougher, Mershon, Sawyer, Johnston, Dunwody & Cole, West Palm Beach, for appellee First Union.
DOWNEY, Judge.
This is an appeal of a non-final order denying the appellant, Johnny Williams', motion to declare section 697.07, Florida Statutes (1989), unconstitutional and thereby requiring him to deposit certain funds into the registry of the court. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iii).
First Union National Bank of Florida filed a foreclosure action against real and personal property owned by Johnny Williams. Williams had assumed a loan extended by First Union in the amount of $547,500, which was secured by a mortgage that contained a provision in which Williams assigned the rents on the mortgaged property to First Union. Said assignment reserved to Williams the right to receive the rents from the property until default. He also assumed the obligations of the assignor under a collateral Assignment of Leases and Rents.
Williams failed to make the payments for three months, causing First Union to give written notice of the default and demand for rents pursuant to section 697.07, Florida Statutes (1989). The demand was not met, causing First Union to accelerate the note and institute suit to foreclose. During the pendency of the foreclosure action First Union filed a verified motion to require the deposit of rents into the court's registry pursuant to prescribed procedures for the deposit, withdrawal and use of the rents. Williams objected to the motion and asked the court to declare section 697.07 unconstitutional on the ground that it conflicts with Florida Rule of Civil Procedure 1.600. The trial court denied Williams' motion to declare the statute unconstitutional and granted First Union's motion to deposit the rents into the court's registry.
The pertinent statute and rule of procedure involved herein are: Section 697.07, Florida Statutes (1989), which provides:
Assignment of rents.  A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rents, any payments therefrom to be made solely to protect the mortgaged *1139 property and meet the mortgagor's lawful obligations in connection with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.
and Florida Rule of Civil Procedure 1.600, which provides:
DEPOSITS IN COURT
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.
According to the parties, this is a case of first impression since the constitutionality of section 697.07 has not heretofore been considered. Williams contends that the rule of procedure is permissive; that it authorizes the voluntary payment into the registry of the court by a party, but not an order compelling payment into the court, citing Law v. NCNB National Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984), and Leon v. Franchise Stores Realty Corp., 549 So.2d 822 (Fla. 4th DCA 1989). However, Williams argues that, when 697.07 is enforced, it compels the trial courts of this state to automatically deposit rents into the Registry of the Court. In addition, he argues that it directly conflicts with Rule 1.600, of the Florida Rules of Civil Procedure which, as already noted, is a permissive rule, at the parties' discretion. The statute is an obvious attempt by the legislature, Williams argues, to create or modify a procedural rule and as such it trespasses upon the supreme court's exclusive rule making authority, thus rendering it unconstitutional. Williams cites Haven Federal Savings & Loan v. Kirian, 579 So.2d 730 (Fla. 1991), as authority since therein the supreme court declared a statute (coincidentally enacted at the same session of the legislature) dealing with procedural matters unconstitutional.
There are several critical assumptions in Williams' arguments that simply will not withstand scrutiny. For example, the limitation upon the legislature enacting procedural law is not absolute. Rather, it is prohibited only in the event the proposed statute conflicts with an existing rule of procedure adopted by the supreme court. The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442, 443 (Fla. 1989). We would also reference the numerous statutes on the books that involve procedural, as opposed to substantive, laws.[1] As mentioned above, Williams relies upon the Haven case, but it does not support his position. Haven held that section 702.01, Florida Statutes (1987), which mandated severance of counterclaims in mortgage foreclosure actions, was both procedural and in conflict with Rule 1.270(b) of the rules of civil procedure, which itself permits judicial discretion in the severance of counterclaims. Of course, the statute was unconstitutional under those circumstances since there was a conflict between the statute and the rule.
In comparing Rule 1.600 and section 697.07 we find no such conflict that would render the statute unconstitutional.
Paraphrased, the rule provides that in an action in which the disposition of a sum of money or other thing capable of delivery is sought, a party may deposit the *1140 money or thing with the court upon notice and with leave of court. This rule has been interpreted as authorizing voluntary payment of contested funds into the court registry. Leon v. Franchise Stores Realty Corporation, 549 So.2d 822 (Fla. 4th DCA 1989). The court in Leon and in Law v. NCNB National Bank of Florida, held the court had no authority to order a party to involuntarily deposit money into the court registry because no authority existed for such action. That authority has now been granted by the legislature via section 697.07. It does not in any way conflict with rule 1.600 because the former pertains to an involuntary deposit of specific money while the latter pertains to a voluntary deposit by a party of any money or property upon notice and permission of the court.
The statute was enacted as a public policy matter by the legislature to facilitate commercial lending by banks by enabling them to obtain an assignment of rents as further security in the event of default, and so as to bring banks in line with authority already contained in the law for savings and loan associations. See HOUSE OF REPR., COMMITTEE ON COMMERCE, FINAL STAFF ANALYSIS, CS/HB 1153, at 2 (1987).
Williams also contends that the statute is unconstitutional because, when enforced, it is in the nature of an injunction preventing the mortgagor from utilizing the funds prior to the rendering of a judgment. We find no merit in this argument.
Accordingly, we hold section 697.07, Florida Statutes (1989), constitutional and affirm the order of the trial court.
DELL and STONE, JJ., concur.
NOTES
[1] See In re Clarification of Florida Rules of Practice and Procedure (Florida Constitution, Article V, Section 2(a), 281 So.2d 204 (Fla. 1973), in which the Florida Supreme Court adopted a statute not superseded or in conflict with the Rules of Civil Procedure as a rule. See also In re Florida Rules of Civil Procedure 1967 Revision, 187 So.2d 598 (Fla. 1966), in which the Florida Supreme Court adopted the Florida Rules of Civil Procedure and held that all rules not in conflict with or superseded by the rules would remain in effect, and School Board of Broward County v. Surette, 281 So.2d 481 (Fla. 1973) (where rules have been promulgated by the supreme court relating to the practice and procedure of all courts and a statutory provision provides a contrary practice or procedure, then the statute must fall).