PER CURIAM.
We agree with appellants that the trial court erred in compelling them to make payments into the registry of the court. The appellees have cited no legal authority for the proposition that, in addition to the ordinary remedies of a creditor, they are *311 entitled to a court order compelling payments from a debtor. We reverse and remand on the authority of Law v. NCNB National Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984), and distinguish between the order here compelling the deposit of mortgage payments, and an order compelling the deposit of rents, pursuant to a mortgage provision assigning such rents to the mortgagee. In the latter case, Section 697.07, Fla.Stat. (1989) authorizes a trial court to compel such a deposit into the registry of the court upon proper application by the mortgagee. See Williams v. First Union Nat. Bank, 591 So.2d 1137 (Fla. 4th DCA 1992).
ANSTEAD, WARNER and FARMER, JJ., concur.