621 So.2d 557 (1993)
Joseph E. HUGHES, Jr. and Debra Hughes, His Wife, Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 93-0896.
District Court of Appeal of Florida, Fourth District.
July 14, 1993.
James A. Bonfiglio of James A. Bonfiglio, P.A., Palm Beach, for appellants.
Bruce W. Parrish, Jr. of Bruce W. Parrish, Jr., P.A., West Palm Beach, for appellee.
DOWNEY, JAMES C., Senior Judge.
This case presents an appeal from a non final order in a mortgage foreclosure pursuant to Rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure. The order in question requires appellants to deposit mortgage payments into the registry of the court as they accrue and is reviewable as an order granting an injunction. CMR Distributors, Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992).
Appellee sued to foreclose its mortgage on appellants' property alleging that appellants were delinquent since June 1992. By way of answer and affirmative defenses *558 appellants sought rescission of the mortgage transaction under The Truth In Lending Act, 15 United States Code section 1635 and debt offset under 15 United States Code section 1640 for material disclosure errors. Appellee's motion to strike appellants' affirmative defenses remains pending. At this stage of the proceeding appellee filed a motion to require appellants to deposit the monthly mortgage payments into the registry of the court. From an order granting that motion appellants perfected this appeal.
We find no reason presented by the appellate papers to deviate from the long standing rule announced in Felty v. State, Department of Environment Regulation, 601 So.2d 310 (Fla. 4th DCA 1992) and Law v. NCNB National Bank, 452 So.2d 1119 (Fla. 4th DCA 1984). Deposits in the court registry are controlled generally by Florida Rule of Civil Procedure 1.600. Nothing contained herein would authorize the trial court to require deposit of payments due on the mortgage in controversy into the court registry and no other pertinent authority therefore has been cited. Accordingly, the order appealed from is reversed.
Each of the parties requests an award of costs and attorney's fees for this appellate proceeding. Appellee's motion therefore is denied and appellants' motion is granted contingent upon appellants' being the ultimate prevailing party in the trial court.
HERSEY and STONE, JJ., concur.