RYDER, Acting Chief Judge.
The appellants (collectively “the Morron-is”) attack the trial court’s interlocutory order requiring them to deposit funds in the court’s registry. We agree that the lower court had no authority to order an involuntary deposit of funds, and accordingly we reverse the order.
The Morronis initially filed an action seeking to cancel or reform deeds to real property that they had given to the appellees. John and Bobbie Morroni had deeded property on Morroni Lane to Southwest Corporation. Henry and Annette Morroni had given Donald and Sharon Fisher a warranty deed to their home on Brynwood Lane. The Mor-ronis alleged that the deeds were intended to provide security for loans Donald Fisher had made to them. The appellees counterclaimed for ejectment, possession and trespass. The Morronis raised eleven affirmative defenses to the counterclaim.
In July 1993, the appellees filed their amended motion to require the Morronis to deposit funds in the registry of the court. As grounds for the motion, they stated they had incurred expenses of over $10,000.00 per month to meet the obligations under various mortgages existing on the Brynwood Lane and Morroni Lane properties. The appellees also asserted they had lost the reasonable rental value of the properties because the Morronis had refused to surrender possession. They asked the lower court to order the Morronis “to deposit into the Registry of the Court the sums presently being paid by the [appellees] to maintain the properties, and to further require the [Morronis] to deposit into the Registry of the Court a sum representing the fair rental value of the properties.”
The trial court held an evidentiary hearing on the appellees’ motion. Both parties called witnesses to testify to the fair rental value of the properties. The appellees’ witness stated the fair rental value of the Brynwood Lane property was between $3,600.00 and $4,200.00, and the rental value of the Morroni Lane property was between $6,000.00 and $7,000.00. In contrast, the Morronis’ witness testified that the Brynwood Lane property would rent for $1,200.00 and the maximum rental value of the Morroni Lane property would also be $1,200.00. The trial court ordered the Morronis to deposit $1,800.00 into the registry of the court each month for the Brynwood Lane property, and $1,300.00 per *129 month for the Morroni Lane property. Although not specifically stated in the order, we infer from the record that the trial court based this amount on what it believed to be a fair rental value for each property.[1]
We begin our analysis with Florida Rule of Civil Procedure 1.600, which authorizes a court to order a deposit into its registry. That rule states:
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court, (emphasis supplied)
This rule contemplates only a voluntary deposit of funds. It is permissive in nature and does not allow a trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court registry. Leon v. Franchise Stores Realty Corp., 549 So.2d 822 (Fla. 4th DCA 1989).
Moreover, the appellees’ counterclaim does not seek a money judgment for the fair rental value of the properties; the causes of action asserted against the Morronis are ejectment, possession and trespass. A trial court has no authority to order a deposit of money in the registry of the court if the money is not the subject of the litigation. Wincast Associates, Inc. v. Hickey, 320 So.2d 17 (Fla. 4th DCA 1975); Fla.R.Civ.P. 1.600.
While the appellees are not seeking to foreclose a mortgage, the relief sought in their motion to deposit funds is analogous to the relief a mortgagee might seek. The ap-pellees’ motion recited the expenses incurred because of the mortgages and asked the trial court to require the Morronis to deposit with the court’s registry the amounts necessary to maintain the properties. We find cases addressing a mortgagee’s right to require a mortgagor to deposit monthly payments into the registry of the court persuasive. Nothing in rule 1.600 authorizes a trial court to require a mortgagor to deposit mortgage payments into the court’s registry. Hughes v. First Federal Sav. and Loan Ass’n, 621 So.2d 557 (Fla. 4th DCA 1993); Law v. NCNB Nat. Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984).[2] We likewise find no authority for the court to order the Morronis to deposit the fair rental value here. The lower court’s order was a departure from the essential requirements of law.
Reversed.
PARKER and LAZZARA, JJ., concur.

. At the beginning of the evidentiary hearing, the appellees argued that the court should require the Morronis to post a bond because they had recorded notices of lis pendens on both properties. The Morronis’ counsel strenuously objected to this argument on the basis that the appellees’ motion to deposit funds did not seek relief on those grounds. Although the lower court did not specifically reject the appellees' argument, the evidence at the hearing addressed the rental value of the properties. At the conclusion of testimony, the appellees did not renew their argument about the bond. The order under review does not mention the notices of lis pendens. We therefore analyze this case without regard to them.

. We are aware that Williams v. First Union Nat. Bank of Florida, 591 So.2d 1137 (Fla. 4th DCA 1992) notes that both Leon and Law were superseded by section 697.07, Florida Statutes (1989). That section, which addresses mortgages that contain specific provisions authorizing assignments of rents, has no application to this case because no mortgage is at issue here.