PER CURIAM.
The petitioners seek review of that part of the trial court’s order requiring them to pay rent into the registry of the court as a condition of a stay. The order is a hybrid; it both grants a stay of one lawsuit pending the outcome of another lawsuit and requires the deposit of money in the registry of the court. Thus, we have jurisdiction to review the order as either a petition for certiorari relief[1] or as a nonfinal appeal of an order granting an injunction.[2]
In this action, the respondents sought to evict the petitioners pursuant to a lease of real property located in DeSoto County. The lease is also the subject of a declaratory and injunctive relief action filed in Dade County. See REWJB Gas Investments v. Land O’ Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994). The petitioners successfully sought a stay of this DeSoto County proceeding pending the resolution of the Dade County lawsuit. The trial court conditioned the stay, however, on the petitioners’ depositing what, they argue, amounts to “double rent” in the registry of the court. The petitioners contend that they have always been willing to deposit into the registry of the court the amount of rent they have been continuing to pay but that the imposition of “double rent” constitutes a penalty without any legal basis. The respondents dispute that rent is being paid.
In REWJB, the court under similar, if not identical, facts denied certiorari relief. To follow the holding of REWJB, however, we must at least discuss our case of Morroni v. Fisher, 647 So.2d 127 (Fla. 2d DCA 1994). Under the facts of Morroni, we held that where no statute, rule of court, or other authority allows the trial court to enter an order requiring the prejudgment deposit of money in the registry of court, the trial court is not permitted to force an involuntary deposit.
In the instant case as in Morroni, the parties do not seek a money judgment. Also, as in Morroni, no statute[3] or rule of court permits the involuntary deposit of money. Morroni, however, did not involve a request for a stay of the litigation and hence the broad discretion granted the trial court in imposing a stay. While hesitant to distinguish Morroni, we hold that based on the particular facts of this case and the discretion associated with a stay tantamount to an injunction, the trial court’s conditioning the stay on the payment of rent into the registry of the court did not constitute an abuse of its broad discretion or a departure from the essential requirements of law.
Petition denied.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.

. See REWJB Gas Investments v. Land O' Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994) (order requiring payment of rent as condition of stay reviewable by either certiorari or nonfinal appeal).

. See Fla.R.App.P. 9.130(a)(3)(B); Morroni v. Fisher, 647 So.2d 127 (Fla. 2d DCA 1994) (order requiring deposit in registry of court reviewable as nonfinal order); Hughes v. First Federal Savings and Loan Ass’n, 621 So.2d 557 (Fla. 4th DCA 1993); CMR Distributors, Inc. v. The Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992).

.The respondents have not filed a claim for double rent. See §§ 83.06; 83.232, Fla.Stat. (1993). In any event, section 83.232 applies only to causes of action arising on or after October 1, 1993. We do not decide the date a cause of action for double rent, if one exists, arose.