ALTENBERND, Judge.
The defendant, Doral Mobile Home Villas, Inc., appeals a nonfinal order allowing the plaintiff, Doral Home Owners, Inc., a mobile home owners association, to place disputed rent payments into the registry of the court pursuant to section 723.063(2), Florida Statutes (1993). We reverse because that statute does not authorize a mobile home owners association to obtain this interim relief. On remand, the plaintiff may seek to establish a basis to pay funds into the registry of the court under Florida Rule of Civil Procedure 1.600.
The defendant owns and operates a mobile home park with more than 500 lots in Pinellas County. In September 1991 and 1992, it served notices on its tenants that it intended to raise its rental rates. These rate increases met with opposition from some of the mobile home owners who invoked the dispute resolution mechanisms in the Florida Mobile Home Act, chapter 723, Florida Statutes (1991). The dispute was not resolved to their satisfaction. As a result, the mobile home owners association filed this lawsuit against the defendant in November 1993. The action alleges a reduction in services, contests the two rental increases, and seeks both declaratory relief and damages. Significantly, the mobile home park owner did not file an action for rent or possession. None of the *25 mobile home owners are parties to this lawsuit.[1]
Because some of the mobile home owners were apparently withholding a portion of their rental payments equal to the 1994 increase, the association filed a motion, seeking permission to allow payment of the disputed rent into the court’s registry. Without conducting an evidentiary hearing, the trial court concluded that section 723.063 authorized the association to pay the disputed rent into.the registry of the court.
The defendant argues that the defenses in section 723.063 apply only in the event of a lawsuit filed by a mobile park owner and are available only to the mobile home owners, not to the association. The relevant portions of section 723.063 state:
(1) In any action based upon nonpayment of rent or seeking to recover unpaid rent, ... the mobile home owner may defend upon the ground of a material non-compliance with any portion of this chapter.... A material non-compliance with this chapter by the park owner is a complete defense to an action for possession based upon nonpayment of rent, ... and, upon hearing, the court or the jury ... shall determine the amount, if any, by which the rent is to be reduced to reflect the diminution in value of the lot during the period of noncompliance with any portion of this chapter....
(2) In any action brought by a park owner or a mobile home owner under subsection (1), the mobile home owner shall pay into the registry of the court that portion of the accrued rent, if any, relating to the claim of material noncompliance as alleged in the complaint, or as determined by the court.
There admittedly is some ambiguity between these two subsections. Subsection (2) permits the mobile home owner to utilize the registry in any action by the park owner or the mobile home owner “brought under subsection (1).” Subsection (1) describes actions for nonpayment of rent or for recovery of unpaid rent. It does not describe an action for declaratory relief or any other action that one would expect a mobile home owner to initiate. The leading case applying this statute involved an action filed by the mobile park operator against its tenants. MLH Property Managers, Inc. v. Cox, 613 So.2d 1358 (Fla. 4th DCA 1993).
Even assuming the statute applies to an action filed by the mobile home owners, it does not apply to an action filed by a mobile home owners association. Section 723.063(1) is comparable to an earlier version of the statute regulating condominiums. In Century Village, Inc. v. Wellington, 361 So.2d 128 (Fla.1978), the supreme court held that section 711.63(4), Florida Statutes (Supp.1974), a statute allowing unit owners to pay disputed rent under recreational leases into the registry of the court, did not apply in an action filed by the owners’ association. The holding in Century Village resulted in an amendment to that statute in 1979, allowing for the use of the registry in actions filed by the association, as well as by the unit owners. Ch. 79-166, Laws of Fla. See § 718.401(l)(d)l., Fla. Stat. (1993).
When the Florida Mobile Home Act was created in 1984, the legislature did not choose to include language comparable to the language in chapter 79-166. Whether this was an oversight by the legislature or an affirmative decision to limit the defenses in section 723.063 to tenants at risk of eviction is unclear. The statute, however, is not ambiguous in its failure to mention the association.
Accordingly, we follow the reasoning in Century Village and hold that the trial court may not utilize the registry of the court under section 723.063 in an action filed by the mobile home owners association. It is, however, free to utilize the registry pursuant to the procedures of rule 1.600.
CAMPBELL, A.C.J., and QUINCE, J., concur.

. Although “homeowner" is commonly written as one word, chapter 723, Florida Statutes, employs the term, “home owner.” We follow the statutory language in this opinion.