712 So.2d 1209 (1998)
Daniel M. EDGAR and J. Michael Ward, Appellants,
v.
CAPE CORAL MEDICAL CENTER, INC., Appellee.
No. 97-04480.
District Court of Appeal of Florida, Second District.
June 24, 1998.
*1210 Alan P. Woodruff of Alan P. Woodruff & Associates, P.A., Cape Coral, for Appellants.
John R. Hamilton and Edmund T. Baxa, Jr., of Foley & Lardner, Orlando, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellants challenge the trial court order that granted appellee's motion for a stay of the circuit court action pending disposition of previously-filed federal actions. We conclude that this action is not properly reviewed as an interlocutory appeal, and that the only avenue of relief is a petition for certiorari. While we could treat this appeal as a petition for certiorari, we decline to do so because appellants have not established, nor do we believe they could establish, entitlement to certiorari relief. We therefore dismiss the appeal.
These proceedings began when appellants filed a federal action under the Employee Retirement Income Security Act (ERISA I) against appellee, asserting that appellee had breached certain duties it owed them in administering its retirement program. Appellants also alleged that appellee had breached the written employment agreements entered into between the parties that were covered by ERISA. Finally, appellants asked the federal court to value their interests in certain life insurance policies that appellee had on appellants' lives.
Subsequently, appellants filed this state action, alleging that the life insurance policies had been assigned to them and that the issue of valuation was pending in federal ERISA I. Appellee responded that the federal action preempted the state action and that the employment agreements were invalid or void ab initio. National Life, the issuer of the life insurance policies, sought and was granted an order of interpleader naming appellants, appellee, and Murphy (another employee) as potential claimants. The trial court dismissed appellants' first amended complaint with prejudice. This court affirmed the dismissal, but specified that it should not have been with prejudice.
After appellants filed ERISA I and the state action, they filed two additional federal actions, ERISA II and ERISA III. The federal court dismissed all previously-filed federal actions (ERISA I, II and III) and ordered all plaintiffs to file one consolidated amended complaint. Two amended complaints were filed, an individual action and a class action. The First Amended Complaint, filed on behalf of the individual appellants, alleged various ERISA violations and demanded return of the. insurance policies. The Second Amended Complaint was a class *1211 action that raised many of the claims raised earlier in ERISA II, which are not relevant here. Appellee has not filed an answer to either complaint. Appellants subsequently filed numerous other federal actions, some of which were class actions and some of which were individual actions.
After appellants filed the First Amended Complaint in federal court, appellee moved to stay the state action, pending disposition of the federal action. The state court reserved ruling, and appellee filed a renewed motion. The court granted that motion for a stay on the grounds that the prior federal action and the later state action concerned the same general subject matter.
Because we conclude that jurisdictional issues control, we turn to jurisdiction first. We agree with appellee that an interlocutory appeal of a stay will not lie unless there is some injunctive component to the order. See REWJB Gas Investments v. C'Store Realty, Ltd., 647 So.2d 998 (Fla. 2d DCA 1994); REWJB Gas Investments v. Land O' Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994). Since there is no injunctive component here, an interlocutory appeal will not lie, leaving appellants to meet the requirements for certiorari.
In order to obtain such relief, appellants must establish three elements: (1) that the order constitutes a departure from the essential requirements of law; (2) that the erroneous order will cause the petitioner material injury throughout the remainder of the proceedings; and (3) that the injury is such that it cannot be remedied on plenary appeal following the entry of final judgment. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Appellants have not established that they are entitled to certiorari relief.
First, we cannot conclude that the court departed from the essential requirements of law in granting the stay. Although the parties dispute whether substantial similarity or sameness of issues and parties is required, our review of the record leads us to conclude that the court did not depart from the essential requirements of law in granting the stay because both actions required a determination of both ownership and valuation of the life insurance policies, in addition to a determination of the application of ERISA. Indeed, many of the issues in the state action would be made moot by a final determination of the federal action.
Next, appellants have demonstrated no material injury that will harm them throughout the remainder of the proceedings. Since appellants instituted the federal proceedings, they must suffer the consequences of that decision, including any resulting delay. It would be a waste of judicial resources for both actions, involving the same set of facts and requesting virtually identical relief, to proceed side-by-side.
Finally, the injury allegedly suffered by appellants, depletion of the value of the assets, is not caused by the stay. It is due to the fact that the premiums must be paid to keep the policies current. Moreover, appellants chose to file the federal lawsuit. They would have to wait for its disposition in any event.
Since the only review of this action may be had by writ of certiorari, and appellants have not established that they are entitled to certiorari relief, this appeal is dismissed.
FRANK and GREEN, JJ., concur.