POLEN, J.
This is a non-final appeal stemming from a contract between Jennifer Fernandez .and Randall Olsavsky for the purchase and sale of residential property. At closing, Fernandez, as purchaser, gave Olsavsky, as seller, a purchase money mortgage lien on the property. Thereafter, Fernandez, apparently for the first time, learned of allegedly significant defects in the property. She then stopped making mortgage payments.
Olsavsky filed a complaint for foreclosure, to which Fernandez filed an answer, affirmative defenses, and a counterclaim. Olsavsky then filed a motion to dismiss or sever the counterclaim. The trial court denied the motion; however, it required Fernandez to deposit into an interest bearing escrow account the past-due mortgage payments, future mortgage payments as they became due, and the balloon mortgage payment after it became due. From this ’latter order, Fernandez appeals.
Generally, payment of money-in-controversy into the court registry is governed by Florida Rule of Civil Procedure 1.600, which provides,
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.
Fla.R.Civ.P. 1.600. Nothing in rule 1.600 authorizes a trial court to require a mortgagor to deposit mortgage payments into the court’s registry. Hughes v. First Federal Sav. and Loan Ass’n, 621 So.2d 557 (Fla. 4th DCA 1993); compare Williams v. First Union Nat. Bank, 591 So.2d 1137 (Fla. 4th DCA 1992)(affirming, under § 697.07, Fla. Stat. (1989), court order compelling the deposit of rents pursuant to a mortgage provision assigning such rents to the mortgagee). We, therefore, reverse the order requiring the deposit.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.