MORRIS, Judge.
First States Investors 3300, LLC, (First States) appeals a nonfinal order which vacated a deposit it made into the court registry and which ordered the disbursement of the monies to the appellees, who are the lessors of the commercial properties involved. We conclude that the trial court erred by first allowing the entire rental payments to be deposited into the court registry and then by ordering the disbursement of the monies, in toto, to the appellees, and we therefore reverse and remand.
I. Facts
In 1959, the parties entered into a commercial lease for property located in St. Petersburg, Florida. An amended lease was executed in 1973. Then, in 2010, First States filed its complaint and amended complaint seeking declaratory relief and accountings; First States also sought to quiet title and to partition various portions of the properties. First States alleged that due to ambiguities in the lease and provisions regarding rent escalation and price adjustments, First States was in doubt as to the proper amount of rent it was obligated to pay.
Shortly after the initial complaint was filed, but before the amended complaint was filed, First States filed an emergency motion to deposit rents into the court registry. The motion was not served on the appellees. Despite the lack of service on the appellees, the trial court granted the motion. Thereafter, the appellees filed a motion to vacate, arguing that the order was the equivalent of injunctive relief and that First States had not established its right to such relief. After a hearing, the trial court granted the appellees’ motion to vacate and ordered that the monies in the court registry be disbursed to the appel- *848 lees. It is from that order that First States appeals.
II. Analysis
A trial court has broad discretion in deciding whether to permit a deposit into the court registry as well as deciding whether to grant a withdrawal from the registry. See Pomponio v. Claridge of Pompano Condo., Inc., 378 So.2d 774, 780 n. 39 (Fla.1979). However, we conduct a de novo review of a trial court’s interpretation of a rule of court. See Baillargeon v. Sewell, 33 So.3d 130, 136 (Fla. 2d DCA 2010).
Florida Rule of Civil Procedure 1.600 provides:
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.
This rule is voluntary in nature, see Pomponio, 378 So.2d at 780 n. 39; Morroni v. Fisher, 647 So.2d 127, 129 (Fla. 2d DCA 1994), but the rule is inapplicable where the money in question is not the subject of the litigation, see Morroni, 647 So.2d at 129 (citing rule 1.600 and Wincast Assocs., Inc. v. Hickey, 320 So.2d 17 (Fla. 4th DCA 1975)); Geany v. Packers of Indian River, Inc., 660 So.2d 1144, 1145 (Fla. 4th DCA 1995) (citing Wincast Assocs., Inc.).
The first problem in this case is that only parts of the monies deposited into the court registry were the subject of the litigation. First States did not dispute the base rent amount. Rather, First States’ complaint was predicated on ambiguities in the rent escalation provisions. Thus, only the escalation amounts were the subject of the litigation and the trial court should not have permitted First States to deposit the full rental payments into the court registry. Had the trial court conducted a hearing prior to granting leave of court, this issue could have been fully fleshed out with the trial court’s determining what portions of the monies (i.e., the escalation amounts) could properly be deposited into the registry.
Further, if the appellees had been properly noticed of First States’ intention to deposit the monies into the court registry, the appellees would have been afforded due process as they could have presented their arguments against the deposit of the monies. However, we hold that any due process issue was rectified when the trial court conducted a hearing on the appellees’ motion to vacate.
Unfortunately, the hearing did not resolve the issue of what monies were properly subject to being deposited into the court registry, nor did it resolve the issue of the proper disbursement amount to the appellees. First States was not entitled to deposit all of the rent monies into the court registry because only the escalation amounts were the subject of the litigation. But neither were the appellees entitled to receive all of the rent monies which had been deposited. More specifically, the appellees were not entitled to receive the portion of the monies which constituted the escalation amounts. This is because where
a party seeking affirmative relief has paid money into [the] court upon condition that the party paying received something in return therefor[ ] or that a contingency happen, it cannot be delivered to the adversary party until the condition upon which it was paid has been performedf ] or the contingency occurs.
*849 Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 76 (1932); see also Suchman Corporate Park, Inc. v. Greenstein, 600 So.2d 532, 533 (Fla. 3d DCA 1992) (reversing order distributing monies paid into registry because the deposit was a tender by the mortgagors to secure the release of the mortgaged property upon payment of the amount which they alleged was due; court held that the monies should be paid to the mortgagees at the conclusion of the case only if the mortgagors were ultimately successful in proving their case and, if not, the monies would be returned to them).
In Masser, the appellants were the lessees of a hotel and they filed a complaint seeking specific performance of certain provisions of the lease. 145 So. at 74. The appellants also sought an injunction preventing the lessor from bringing ouster proceedings for nonpayment of the $7500 rent installment. Id. The court granted the injunction on the condition that the lessees pay the $7500 into the court registry and file a bond. Id. The lessor then filed a motion to dissolve the injunction which the court granted, resulting in an order dismissing the lessees’ complaint and disbursing the $7500 to the lessor. Id.
On review, the Florida Supreme Court noted that the lessees paid the $7500 into the registry for the trial court to make a determination of whether they had been damaged by the lessor’s failure to perform under the lease and, if so, for the trial court to determine what amount should be deducted from the $7500. Id. at 76. The lessees argued that the monies were deposited “as a condition precedent to the obtaining of certain relief[] and not as a tender to satisfy the lessor’s claim for rent.” Id. The lessees also argued that the trial court’s order, in essence, directed a judgment for the lessor. Id. The Florida Supreme Court accepted the lessees’ arguments finding that the deposit “was not made for the purpose of meeting the installment of rent due ... in the event the suit should be dismissed” but rather, it “was deposited with the intention ... of having the differences apparently existing between [the] lessor and lessees adjusted.” Id. The court continued by noting that even if the complaint was without equity, the lessees could still have a claim against the lessor enforceable in an action at law. Id. The court held that because the complaint was dismissed without accomplishing the purpose for which the monies were offered as a deposit, the trial court lacked the authority to disburse the monies to the lessor. Id. In so holding, the court quoted 26 R.C.L. 658:
“Where one is not defending against a claim but is seeking affirmative relief to which, as a condition precedent, it is essential that he tender an amount due, the payment of the money tendered into court does not transfer the title to the other party, but it remains in the one making the tender subject to the final outcome of the suit.”
Masser, 145 So. at 76.
Here, as in Masser, First States tendered the monies into the court registry pending the outcome of the case and the trial court’s determinations of the proper amount of rent and whether First States was entitled to reimbursement for monies already paid. First States did not unconditionally tender the monies as rent due. Even after the trial court struck various portions of the claims pertaining to the rent escalation provisions as sham pleadings, other portions of those claims remained. Further, there is still a dispute concerning whether First States is paying the proper amount of rent due under the lease and whether First States is entitled to reimbursement for overpayment. Accordingly, the trial court erred by disbursing, in toto, the monies which were deposited into the registry.
*850 We therefore reverse the trial court’s order and remand with instructions for the trial court to determine what portions of the rental payments are based on the rent escalation provisions and to order the ap-pellees to repay those portions into the court registry pending the outcome of the case. Because rule 1.600 clearly permits a plaintiff to deposit monies which are the subject of the litigation into the court registry upon leave of court and notice to the parties and because appellees were afforded due process at the hearing on their motion to vacate, the trial court need not conduct a new evidentiary hearing.
III. First States’ motion for appellate attorneys’ fees and costs
Finally, we must address First States’ motion for appellate attorneys’ fees and costs. Although this court is granting First States some of its requested relief, we are constrained to deny its request for appellate attorneys’ fees and to strike its request for costs.
First States seeks prevailing party attorneys’ fees pursuant to section 57.105(7), Florida Statutes (2010), paragraph 23 of the lease signed on November 1, 1959, and paragraph 19 of the lease signed March 22, 1973. Both relevant paragraphs of the leases provide that the lessee shall pay all costs, expenses, and attorneys’ fees incurred by and against the lessors when the lessors are made parties to litigation without any fault on them part. There is no provision for the lessee’s fees to be paid by the lessors.
Section 57.105(7) provides that where a contractual provision permits prevailing party attorneys’ fees to one party when that party is required to take action to enforce the contract, the court may allow reasonable attorneys’ fees to the other party when that other party prevails in the action. Section 57.105(7) thus provides for mutuality of attorneys’ fees in contract cases. See Fla. Hurricane Prot. & Awning, Inc. v. Pastina, 43 So.3d 893, 895 (Fla. 4th DCA 2010). However, section 57.105(7) specifies that it “applies to any contract entered into on or after October 1, 1988.” Because the contracts in this case were entered into many years prior to that date, First States is not entitled to recover prevailing party attorneys’ fees based on the contracts and section 57.105(7). See Commercial Serv. of Perry, Inc. v. Campbell, 861 So.2d 1258, 1261 (Fla. 4th DCA 2003); Bird Lakes Dev. Corp. v. Raskin, 596 So.2d 133, 135 n. 1 (Fla. 3d DCA 1992) (both recognizing that unilateral attorneys’ fees provisions in contracts predating amendment to section 57.105 were valid and enforceable).
Regarding First States’ request for costs, First States has sought relief in the wrong court. Pursuant to Florida Rule of Appellate Procedure 9.400(a), we strike First States’ request for costs as unauthorized without prejudice to First States’ filing an appropriate request with the trial court.
IV. Conclusion
Because the trial court first erred by allowing First States to deposit the entire rental payments into the court registry and then erred again by disbursing the full amount to the appellees, we reverse and remand for proceedings in conformance with this opinion. We deny First States’ request for appellate attorneys’ fees and strike its request for costs.
Reversed and remanded with instructions.
VILLANTI and CRENSHAW, JJ., Concur.