WARNER, J.
Tribeca Aesthetic Medical Solutions, the Subtenant of a lease with the Tenant, Edge Pilates, appeals from an order granting intervention to the Landlord, Bayou Meto, ordering disbursement to the Landlord of rent paid into the registry of the court, and requiring payment of future *901 rentals to the Landlord.[1] Because the Subtenant disputed the amount owed and deposited the rents into the court registry, the Landlord’s claim must be subordinate to the main action, which claimed that the rental payment included amounts for advertising to which the Landlord would not be entitled. We reverse the order.
Bayou Meto, Inc. (Landlord) leased certain property to Edge Pilates Corporation (Tenant) under a Master Lease. In turn, the Tenant subleased a portion of the property to Tribeca Aesthetic Medical Solutions (Subtenant). The Tenant and Subtenant both operated businesses catering to women. The Tenant agreed to include the Subtenant in its advertising and other marketing, and the sublease provided that “[t]he rent shall include reference of Subtenant in all of [Tenant’s advertising],” but it did not contain a breakdown of how much rent was allocable to advertising.
Three years later Pilates moved out of the premises and sublet to a supply company. It ceased any advertising or marketing involving Subtenant. Subtenant then notified Tenant that it would no longer pay for the marketing services that it had not been receiving and would pay only $1,500 a month in rent, what it asserted was fair rental value out of the $7,174 due. Tenant filed suit for eviction, and Subtenant answered and counterclaimed for declaratory judgment regarding the rent payment as well as damages. Subtenant began paying the amount due into the registry of the court.
The Landlord moved to intervene in the proceedings and sought disbursement to it of the entire amount paid into the registry. Subtenant objected, as an intervenor’s rights should be subordinate to the main proceedings. See Fla. R. Civ. P. 1.230. The Landlord pointed to the discretion afforded to the court in intervention, as well as the provision of the sublease which allowed the Subtenant to pay rent directly to the Landlord when the Landlord gives notice. However, the Landlord had not declared the Tenant in default, even though the Tenant had not paid rent to the Landlord. During the hearing the Landlord gave notice to the Subtenant of its election to have the Subtenant pay rent directly to itself.[2] The court ruled that the Landlord was entitled to $10,000 out of the registry of the court, and the Subtenant was to pay to the Landlord $5,000 each month thereafter, with the balance of each month’s rent to be paid into the registry of the court. The Subtenant appeals.
Section 83.232(1), Florida Statutes, requires a tenant to pay into the court registry the amount of unpaid rent together with rent accruing during the pendency of the suit. Failure to do so is deemed an “absolute waiver of the tenant’s defenses,” and the landlord is entitled to an immediate default. § 83.232(5), Fla. Stat. As Subtenant asserted numerous defenses and a counterclaim regarding the amount of rent, it had no choice but to deposit the rents in the court registry. Having done so, it is entitled to pursue its claims, including its claim that the rental amount included advertising and marketing which should be deducted from the stated rent *902 now that Tenant has moved from the premises.
Even though the Landlord had not declared a default nor moved to evict the Tenant, it sought to intervene to obtain the rentals the Subtenant was to pay to the Tenant, because the Tenant was not paying its rent. The Subtenant does not contest the trial court’s granting intervention to the Landlord. It maintains, however, that the court abused its discretion in allowing disbursement of the rentals paid by the Subtenant until the Subtenant’s claims against the Tenant regarding the amounts paid for marketing have been determined, because its rights should be subordinate to the main action, namely the determination of the amount of rent due. See Fla. R. Civ. P. 1.230 (stating that “intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding”).
In the recent case of First States Investors 3300, LLC v. Pheil, 52 So.3d 845 (Fla. 2d DCA 2011), a lessee deposited rent in the registry of the court, while it sought a declaratory judgment claiming that the rental escalation clauses in the lease were ambiguous, and it was in doubt as to the amount of rent it owed. The trial court ordered that the rental payments could be disbursed to the landlord. The appellate court held that the lessee had paid too much into the registry, because the base amount of rent was not in dispute. Therefore, the lessor was entitled to receive the base rent. On the other hand, the court also reversed the order disbursing all the rent to the landlord, because no determination of the amount of rent due under the escalation clauses had been made. The court reasoned:
First States was not entitled to deposit all of the rent monies into the court registry because only the escalation amounts were the subject of the litigation. But neither were the appellees entitled to receive all of the rent monies which had been deposited. More specifically, the appellees were not entitled to receive the portion of the monies which constituted the escalation amounts. This is because where
a party seeking affirmative relief has paid money into [the] court upon condition that the party paying received something in return therefor[ ] or that a contingency happen, it cannot be delivered to the adversary party until the condition upon which it was paid has been performed!] or the contingency occurs.
Id. at 848-49 (quoting Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 76 (1932)).
Similarly, in this case the Subtenant deposited the full amount of the rent into the court, at the same time claiming that some of the payment was for advertising and marketing expenses. It sought a declaration of the amount of rent due, and it alleged that the amount due would be $2,000 per month. Without taking any evidence, the trial court permitted disbursement of substantially more than that sum and ordered the Subtenant to pay to the Landlord $5,000 per month. Thus, the court ordered the Landlord to receive a significant portion of the contested rental payment. We agree with Subtenant that the court abused its discretion, particularly where no evidentiary hearing was held.
The Landlord contends, however, that the sublease allowed it to collect the rent from the Subtenant upon notice to the Subtenant, and the Subtenant could pay the rent to the Landlord without remaining liable to the Tenant under the sublease. We do not find that this provision compels the payment of all rents to the Landlord where there is a bona fide dispute between the Tenant and the Subten *903 ant over the amount of rent. There is no contractual privity between the Landlord and the Subtenant. Therefore, any right the Landlord may have to disbursement of the proceeds would be subordinate to the contractual rights of the parties. Pursuant to section 83.282(1), the Subtenant had the right to deposit the monies into the court registry and maintain its claims against the Tenant. The Landlord’s standing in this case, being subordinate to the Tenant, assumes no greater rights than the Tenant.
While either the Tenant (the actual landlord of the subtenant) or the Landlord might be able to obtain disbursement of some of the proceeds pursuant to section 88.232(1), which permits the Landlord to apply to the court for disbursement of some of the rents where the “actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises” is occurring, the parties did not plead or prove this at the hearing. In fact, this statutory right was not mentioned. Therefore, our reversal is without prejudice to requesting and proving the necessity of relief pursuant to the statute.
GROSS, C.J., and TAYLOR, J., concur.

. Because the order determines the right to immediate possession of property, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). See Greene v. Borsky, 961 So.2d 1057 (Fla. 4th DCA 2007) (an order determining the right to immediate possession of money is an appeal-able order under this rule). See also Fla. Discount Props., Inc. v. Windermere Condo., Inc., 763 So.2d 1084 (Fla. 4th DCA 1999).

. Although this court struck the actual written notice, filed after the hearing, the transcript reveals that the notice was delivered during the hearing. (Tr. 28)