# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2419
Lower Tribunal No. 15-20385
_____


**Tixe Designs, Inc., etc.,**
Appellant,

vs.

**Green Ice, Inc., etc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

The Alderman Law Firm, and Jason R. Alderman and ChôNayse Sellers, for appellant.

Jordan Pascale, P.L., and Daniel T. Pascale, for appellee.


Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.


ROTHENBERG, J.

Tixe Designs, Inc. ("the Landlord") appeals the trial court's non-final order granting Green Ice, Inc.'s ("the Tenant") motion to deposit its rent into the court registry. Because the parties are contesting the Landlord's entitlement to rent, we conclude that the trial court did not abuse its discretion by allowing the Tenant to deposit the rent money into the court registry. Accordingly, we affirm the non-final order under review.

## BACKGROUND

The Landlord is the owner of commercial property, which it leased, in part, to the Tenant for the purpose of operating a men's clothing and apparel business. The remainder of the commercial property was leased to a gym. The Tenant filed suit against the Landlord in September 2015 for breach of contract, constructive eviction, and fraud in the inducement based on the alleged noise pollution from the neighboring gym's sound system. The Tenant alleged that the noise from the neighboring gym resulted in damages to its business and materially interfered with the use of the property such that the premises was unsuitable for occupancy.

After serving the Landlord with the complaint, the Tenant filed a motion to deposit its rent into the court's registry pending the outcome of the lawsuit. Although the Tenant alleges that it has been constructively evicted due to the Landlord's failure to address the noise, the Tenant nevertheless moved to deposit the funds into the court registry "as a sign of good faith." Following a hearing, the

2

trial court entered an order granting the Tenant's motion to voluntarily deposit its rent into the court's registry. Thereafter, the Landlord filed this non-final appeal.

## ANALYSIS

"A trial court has broad discretion in deciding whether to permit a deposit into the court registry as well as deciding whether to grant a withdrawal from the registry." First States Investors 3300, LLC v. Pheil, 52 So. 3d 845, 848 (Fla. 2d DCA 2011) (citing Pomponio v. Claridge of Pompano Condo., Inc., 378 So. 2d 774, 780 n.39 (Fla. 1979)). However, we review the interpretation of a rule of court de novo. First States Investors 3300, 52 So. 3d at 848.

This case involves a **voluntary** deposit of rent into the court registry, which is governed by Florida Rule of Civil Procedure 1.600. Rule 1.600 permits a party to move the trial court to allow it to deposit sums of money into the court registry that are the subject of the litigation. See Century Vill., Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condo. Ass'n, 361 So. 2d 128, 134 (Fla. 1978); Pheil, 52 So. 3d at 848 (stating that "the rule is inapplicable where the money in question is not the subject of the litigation"); Fiscal Operations, Inc. v. Metro. Dade Cnty., 808 So. 2d 1287, 1288 (Fla. 3d DCA 2002) ("Rule 1.600 is permissive in nature and does not permit the trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court's registry.") (internal quotation omitted). It is, therefore, necessary to determine whether the money a party willingly seeks to

deposit into the court's registry is the subject of the litigation. <u>Fiscal Operations, Inc.</u>, 808 So. 2d at 1287 (rephrasing the question as whether the parties "contest entitlement" to the sums of money at issue).

In its claim for constructive eviction, the Tenant specifically seeks a "judgment that rent is abated, security deposit returned, the Lease is cancelled and terminated nunc pro tunc to the date of the constructive eviction, for damages together with costs, interest, attorney's fees, and such other and further relief as this court deems is just and proper." Thus, the purpose of this lawsuit is, in part, to determine entitlement to the base rent from the date of the alleged constructive eviction onward. It was therefore within the trial court's sound discretion to permit the Tenant to deposit its rent into the court's registry. <u>Pomponio</u>, 378 So. 2d at 780 n.39; <u>Century Vill., Inc.</u>, 361 So. 2d at 134 (holding that "trial judges are free to use Fla. R. Civ. P. 1.600, or other equitable deposit plans, to hold rent payments during litigation"); <u>see also</u> <u>Doral Mobile Home Villas, Inc. v. Doral Home Owners, Inc.</u>, 661 So. 2d 24, 25 (Fla. 2d DCA 1994); <u>Dunes Dev. Corp. of Palm Beach v. Dunes Towers Ass'n</u>, 380 So. 2d 572, 572-73 (Fla. 4th DCA 1980).

The Landlord contends that the rent money owed it under the lease is potentially recoverable as money damages and thus the trial court erred by allowing the Tenant to deposit this money into the court registry. In support, the Landlord relies on a number of cases, including the following. <u>Konover Realty</u>

Assocs., Ltd. v. Mladen, 511 So. 2d 705, 706 (Fla. 3d DCA 1987) ("It is entirely settled by a long and unbroken line of Florida cases **that in an action at law for money damages**, there is simply no judicial authority **for an order requiring the deposit** of the amount in controversy into the registry of the court.") (emphasis added); Pianeta Miami, Inc. v. Lieberman, 949 So. 2d 215, 217 (Fla. 3d DCA 2006) ("It is well settled that an injunction cannot be used to restrain the use of a party's unrestricted assets prior to the conclusion of an action at law."). We disagree.

Neither Konover nor Pianeta deal with a plaintiff's voluntary deposit of the funds in controversy. In fact, this Court has previously distinguished Konover with respect to a court order **allowing** a party to deposit funds into the court registry as opposed to **requiring** a party to do so. See Fiscal Operations, 808 So. 2d at 1288 (stating that Konover involved an order "requiring the deposit of the amount in controversy" and that "rule 1.600 is appropriate **because this is not a case where the third-party defendants were unwillingly compelled to escrow the funds.** Rule 1.600 is permissive in nature and does not permit the trial court to enter an order compelling an unwilling party to deposit a disputed sum into the court's registry.") (emphasis added) (internal quotations omitted).[1]

---

[1] As the Landlord's remaining arguments are without merit, we decline to specifically address them.

## CONCLUSION

Because the base rent amount was contested by the parties, rule 1.600 affords the trial court broad discretion in accepting or rejecting the Tenant's voluntary deposit of its rent into the court's registry. Thus, the trial court did not abuse its discretion by allowing the Tenant to deposit the disputed rent into the court registry. Accordingly, we affirm the order under review.

Affirmed.