# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2341
Lower Tribunal No. 16-344
_____

**UV Cite III, LLC,**
Appellant,

vs.

**Deutsche Bank National Trust Co., as Trustee, in trust for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006 NC5,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jorge Cueto, Judge.

Wallen Hernandez Lee Martinez, LLP, and Todd L. Wallen, for appellant.

Weitz & Schwartz, P.A., and Sarah T. Weitz (Fort Lauderdale), for appellee.


Before EMAS, LOGUE, and LUCK, JJ.

LUCK, J.

This is a residential foreclosure case. In 2016, Deutsche Bank National Trust Company sought to foreclose on the mortgage it held on a condominium in Sailboat Cay owned by UV Cite III, LLC. While the case was pending, Deutsche Bank moved to "sequester" the rents that UV Cite was collecting from tenants living in the condominium, and have the rents placed in the court registry. The trial court held a hearing on the motion, and granted it, ordering UV Cite to "pay all rents due each month . . . under the subject lease into the Court Registry." "At the conclusion of this action," the trial court continued, "all sums deposited into the Court Registry shall be released to Plaintiff or other prevailing party."

UV Cite appeals the order requiring that it deposit in the court registry the rent it receives from leasing out the condominium. We reverse because, absent an agreement between the parties to assign rents[1] or some form of injunctive relief, a trial court has no authority to order a deposit of money into the registry of the court if the money was not the subject of the litigation. See Ksaibati v. Ksaibati, 824 So. 2d 219, 222 (Fla. 2d DCA 2002) ("A trial court has no authority to order a deposit

---

[1] "A mortgage or separate instrument may provide for an assignment of rents of real property or any interest therein as security for repayment of an indebtedness. . . . Upon application by the mortgagee or mortgagor, in a foreclosure action . . . a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court . . . ." § 697.07(1), (4), Fla. Stat. (2016). Section 697.07 "was enacted as a public policy matter by the legislature to facilitate commercial lending by banks by enabling them to obtain an assignment of rents as further security in the event of default." Williams v. First Union Nat. Bank of Fla., 591 So. 2d 1137, 1140 (Fla. 4th DCA 1992).

of money into the registry of the court if the money is not the subject of the litigation."); Morroni v. Fisher, 647 So. 2d 127, 129 (Fla 2d DCA 1994) ("[T]he appellees' counterclaim does not seek a money judgment for the fair rental value of the properties; the causes of action asserted against the Morronis are ejectment, possession and trespass. A trial court has no authority to order a deposit of money in the registry of the court if the money is not the subject of the litigation."); Wincast Assocs., Inc. v. Hickey, 320 So. 2d 17, 18 (Fla. 4th DCA 1975) ("The authority conferred on a court to order a deposit of money or property does not apply if the money in the possession of the party is not the subject of the litigation, but rather its payment is an incident thereto, dependent on the judgment to be rendered in the action, as in the case of an action for redemption, specific performance, accounting, rescission, or the like." (quotation omitted)).[2]

The Morroni case, for example, involved a dispute over real property secured as part of a loan. Morroni, 647 So. 2d at 128. The Morronis deeded property to the Fishers as "security for loans [that Mr. Fisher] had made to them." Id. The arrangement ended in a lawsuit with the Morronis suing to cancel or reform the deed, and the Fishers counterclaiming for ejectment, possession, and trespass. Id. As the case was winding its way through the circuit court, the Fishers

_____

[2] While UV Cite objected that the trial court did not have authority to order what it ordered, neither party cited these cases to the trial court in the motion or at the hearing.

3

moved "to require the Morronis to deposit funds in the registry of the court . . . representing the fair rental value of the properties." Id. The trial court ordered the Morronis to deposit money into the court registry equal to the fair rental value of the properties they had deeded to the Fishers. Id. at 128-29. The appellate court reversed because the Fishers' counterclaim did "not seek a money judgment for the fair rental value of the properties." Id. at 129. "A trial court," the Second District explained, "has no authority to order a deposit of money in the registry of the court if the money is not the subject of the litigation." Id.

Here, Deutsche Bank's complaint alleged three causes of action: to foreclose on the mortgage (count one); and to reform the mortgage (count two) and deed (count three). The complaint did not seek a judgment for the rent UV Cite collected, and the rent was not part of any of the three alleged causes of action. The record, moreover, contains no evidence of an assignment of rents provision, and Deutsche Bank did not seek injunctive relief. Because the rent was not the subject of Deutsche Bank's lawsuit, and there was no other basis for sequestering the money, the trial court had no authority to order that the rent UV Cite collected from its tenant be deposited in the registry of the court.

Reversed and remanded.